IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA<br>FOR THE USE AND BENEFIT OF<br>SUNWELL CORPORATION D/B/A<br>REDIFUEL<br><br>vs.<br><br>JOURNEYMAN CONSTRUCTION, INC.,<br>SAFECO INSURANANCE<br>COMPANY OF AMERICA,<br>KWR GROUP, LLC D/B/A<br>TOWN & COUNTRY EXCAVATION; and<br>KEVIN W. ROBINSON, individually. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, the United States of America for the Use and Benefit of Sunwell Corporation d/b/a RediFuel, brings suit against Defendants, Journeyman Construction, Inc. ("Journeyman"), Safeco Insurance Company of America ("Safeco"), KWR Group, LLC d/b/a Town & Country Excavation and Kevin W. Robinson, individually, (KWR Group, LLC d/b/a Town & Country and Kevin W. Robinson shall herein be collectively referred to as, "Town & Country"), and respectfully shows the Court the following:

### I.
### PARTIES

1.    Plaintiff is a domestic corporation duly incorporated pursuant to the laws of the state of Texas and located in Bexar County, Texas.

2.    Defendant, Journeyman, is a corporation duly incorporated pursuant to the laws of the state of Texas and located in Travis County, Texas. It may be served with process by

1

delivering the summons and a copy of this complaint to its registered agent: Sam Kumar, 7701 N. Lamar, Suite 100, Austin, Texas 78752.

3.     Defendant, Safeco Insurance Company of America, is a foreign corporation conducting business in Texas.  It may be served with summons through its registered agent: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4.     Defendant, KWR Group, LLC d/b/a Town & Country Excavation is a limited liability company that was duly formed pursuant to the laws of the state of Texas and located in Weimar, Colorado County, Texas, prior to its involuntary termination by the Texas Secretary of State on July 25, 2011.  It may be served with summons pursuant to FED. R. CIV. P. 4(h) by delivering a copy of the summons and complaint to the company's officer, Kevin W. Robinson at1104 Michalke, Schulenberg, Texas 78956.

5.     Kevin W. Robinson is an individual domiciled in the state of Texas and who may be served with process by having summons and a copy of this complaint delivered to his address at 1104 Michalke, Schulenberg, Texas 78956.

## II.
### JURISDICTION

6.     The Court has jurisdiction over this suit pursuant to 28 U.S.C. §1331, as a result of Plaintiff's claims under 40 U.S.C. §§3131 et seq., (formerly 40 U.S.C. §§270a et. seq.), which is more commonly known as the Miller Act.  The Court also has supplemental jurisdiction over the suit's related state law claims pursuant to 28 U.S.C. §1367.

### III.
### VENUE

7.     Venue is proper in this district pursuant to the provisions of 40 U.S.C. §3133(b) (formerly 40 U.S.C. §270b(b)) and 28 U.S.C. §1391(b)(2).  The federal public works project, which is the basis of this action, is located in Angelina County, Texas.

### IV.
### FACTS

8.     On or about January 13, 2010, the Department of Army, U.S. Army Engineer District, Louisville, contracted with Journeyman to make improvements to the Lufkin Armed Forces Reserve Center in Lufkin, Angelina County, Texas (the "Lufkin Project").  The Lufkin Project contract was designated Contract No. W912QR-10-C-0027.    Thereafter, Journeyman contracted with Town & Country to perform work on the Lufkin Project.    As a first tier subcontractor under the Lufkin Project, Town & Country ordered and received diesel fuel and equipment from Plaintiff.   Town & Country ordered and received fuel and equipment from Plaintiff from September 1 until on or about December 7, 2010.

9.     Town & Country later abandoned the Lufkin Project and, after written demand, failed to pay Plaintiff for the equipment and fuel.  The outstanding balance owed to Plaintiff for fuel and equipment provided to Town & Country is $31,263.40, of which $25,619.50 is for the Lufkin Project and the remaining $5,643.90 is owed by Town & Country for another public works project performed for Journeyman at Camp Stanley, Texas (the "Camp Stanley Project"). (The Lufkin Project and Camp Stanley Project shall hereinafter be collectively referred to as the "Projects.")

10.     As required by the Miller Act, Journeyman obtained payment bonds for the Projects from Safeco.  The bonds were conditioned for the protection of payment to all persons

3

having a direct contractual relationship with the principal (Journeyman) or a subcontractor of the principal (Town & Country) for furnishing labor, material, or both in the prosecution of the work provided for the Projects.    Copies of the bonds for the Projects are attached to this Original Complaint as Exhibit "A."

      11.    Following Town & Country's failure to pay Plaintiff for the Projects, Plaintiff contacted Journeyman and was directed to file its claims for payment under the Project's bonds. As required by the Miller Act, Plaintiff sent written notice to Journeyman and Safeco stating the amounts it was owed under the Projects, with substantial accuracy, and within 90 days from the date on which it had performed the last of the labor or furnished or supplied the last of the material on the Projects.  Copies of the written notices are attached to this Original Complaint as Exhibit "B."

      12.    Thereafter, Plaintiff received proofs of claim forms from Safeco in order to investigate and substantiate Plaintiff's claims against the Projects.  Plaintiff completed the proofs of claim and returned them to Safeco.  Copies of the proofs of claim for the Projects are attached to this Original Complaint as Exhibit "C."

      13.    Subsequently, Journeyman contacted Plaintiff and made an offer to settle the Camp Stanley Project claim.  Journeyman also indicated to Plaintiff it would only consider Plaintiff's claim under the Lufkin Project, which was considerably larger, once Plaintiff settled the Camp Stanley Project claim.  However, prior to settling any claims for the Camp Stanley Project, Plaintiff sought assurance from Journeyman that settling the Camp Stanley Project claim would not jeopardize its claim for the Lufkin Project.

      14.    After obtaining assurance from Journeyman that settling the Camp Stanley Project claim would not jeopardize Plaintiff's claim on the Lufkin Project, Plaintiff signed a release of

claims and waiver of lien for the Camp Stanley Project claim in exchange for payment of $2,342.84 by Journeyman (the "Release"). The Release applied only to Journeyman's liability under the Camp Stanley Project, not disturbing Plaintiff's claim against Town & Country. The Release also did not eliminate Plaintiff's claim against Journeyman for the Lufkin Project. The Release expressly stated that "…nothing herein shall release Contractor from paying any and all valid claims of Redifuel for the AFRC Lufkin project." (A copy of the correspondence between Plaintiff and Journeyman regarding the Release, and a copy of the Release, is attached to this Original Complaint as Exhibits "D" and "E," respectively.)

15.    Approximately two days after receiving the Release, Journeyman sent written correspondence to Plaintiff stating Journeyman would not be making any payments to Plaintiff for the Lufkin Project. A copy of this correspondence from Journeyman is attached to this Original Compliant as Exhibit "F."

16.    Pursuant to the provisions of the Miller Act and the bond for the Lufkin Project, which is designated as Bond #6584575 (the "Bond"), Journeyman, as principal, and Safeco, as surety, are bound jointly and severally to assure the principal pays all persons having a direct contractual relationship with principal or a subcontractor of the principal for furnishing labor, material, or both in the prosecution of the work provided for the Lufkin Project. Accordingly, Plaintiff is a beneficiary under the Bond as it has a direct contractual relationship with Town & Country, a first tier subcontractor of the principal, Journeyman. Therefore, with respect to the outstanding balance recoverable under the Bond, Plaintiff seeks to recover $24,619.50, with interest and the costs of suit, from Journeyman, or alternatively, Safeco.

17.    In addition to this amount, Town & Country owes Plaintiff $4,301.06. This amount consists of unpaid costs for fuel and equipment rental incurred by Town & Country for

the Camp Stanley Project, which was not compensated in the Release, and other unpaid costs incurred by Town & Country for the Lufkin Project that cannot be reimbursed by the Bond. Plaintiff also seeks to recover this amount from Town & Country in addition to interest and costs of suit.

## V.
### MILLER ACT CLAIMS

18.     Defendants, Journeyman and Safeco, have failed and neglected to pay Plaintiff for the work and materials it supplied to the Lufkin Project, leaving a balance due and owing of $24,619.50.  This balance has been withheld from Plaintiff without legal justification.

19.     Plaintiff has made timely demand upon Journeyman and Safeco for payment of its Lufkin Project claim.  Despite receiving proper notice under the Miller Act, neither Safeco nor Journeyman has attempted to settle Plaintiff's claim for the Lufkin Project.  Journeyman and Safeco have refused and continue to refuse to pay the delinquent amount.

20.     Due to their failure to pay Plaintiff $24,619.50, which is justly due and owing to Plaintiff in accordance with the Bond and the Miller Act, Journeyman as principal, and Safeco, as surety, are jointly and severally liable to Plaintiff, who is a beneficiary under the Bond, in the amount of $24,619.50.

21.     More than 90 days, but less than one year, has expired from the last date upon which Plaintiff performed any labor or furnished any materials to the Lufkin Project.  The last day on which materials were furnished to the Lufkin Project was on December 7, 2010, which is evidenced on the purchase orders and invoices attached to this Original Complaint as Exhibit "G" (collectively, the "Invoices").

22.     Plaintiff has confirmed and complied with all of the conditions required of it under the Bond and the Miller Act.

23.     Wherefore, the United States of America, for the Use and Benefit of Plaintiff, demands judgment against Journeyman and Safeco, jointly and severally, for the sum of $24,619.50, with interest and costs of suit.

## VI.
### BREACH OF CONTRACT

24.     Town & Country agreed to pay Plaintiff for equipment rental and fuel, pursuant to their agreements under the Invoices.

25.     Additionally, Town & Country and Plaintiff entered into a credit agreement, where Kevin W. Robinson, as owner and manager of Town & Country, agreed to personally guarantee payment for all items purchased by Town & Country from Plaintiff (the "Credit Agreement"). A copy of the Credit Agreement is attached to this Original Complaint as Exhibit "H."

26.     Pursuant to their agreement under the Invoices, Plaintiff provided, and Town & Country received, diesel fuel and equipment for the Projects. However, Town & Country failed to pay Plaintiff for the same.

27.     Plaintiff has made demand upon Town & Country for payment, and Town & Country has failed and refused and continues to fail and refuse to pay Plaintiff. Town & Country's refusal to pay Plaintiff is a breach of the Invoices and the Credit Agreement. As a result of such breach, Plaintiff has been damaged in the amount of $31,263.40 (which is the original amount owed to Plaintiff under all of the Invoices.)

## VII.
### QUANTUM MERUIT

28.     Plaintiff is entitled to recover the value of the services it rendered and the materials it furnished to the Projects under the theory of quantum meruit.

29.     In providing equipment and diesel fuel to the Projects, Plaintiff provided valuable services and furnished valuable materials to Town & Country and Journeyman. Town & Country and Journeyman accepted, used, and enjoyed the materials and services provided by Plaintiff.

30.     At the time Plaintiff supplied the materials and services, Town & Country and Journeyman had reasonable notice Plaintiff was expecting to be paid for the Projects.

31.     Town & Country and Journeyman's failure to pay Plaintiff for the valuable services and materials it furnished for the Projects has caused, and will continue to cause, actual damages to Plaintiff. The reasonable value of the materials Plaintiff supplied to Town & Country and Journeyman is $28,920.56 (which is the original amount owed to Plaintiff under the Invoices minus the settlement amount received from Journeyman under the Release.)

## VIII.
### UNJUST ENRICHMENT

32.     Plaintiff seeks judgment against Town & Country for unjust enrichment. Town & Country's failure to fully pay for the materials Town & Country ordered from Plaintiff has resulted in an unjust benefit being conferred upon Town & Country. Town & Country has been unjustly enriched by an amount of $31,263.40 (which is the original amount owed to Plaintiff under the Invoices.)

## IX.
### CONDITIONS PRECEDENT

33.     Pursuant to the requirements set forth in 40 U.S.C. §3133(b)(2), Plaintiff provided notice, via registered and certified mail return receipt requested, to Town & Country, Journeyman, and Safeco on January 10, 2011, which was within 90 days from the date on which

it had performed the last of the labor or furnished or supplied the last of the materials on the Projects, and stating the amount it was owed under the Projects with substantial accuracy.[1]

34.    All other conditions precedent have been performed or have occurred.

## X.
### ATTORNEYS' FEES

35.    With respect to its state law claims, pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code, Plaintiff is entitled to recover, in addition to its actual damages, a reasonable fee for the reasonably necessary services of its attorneys in connection with proceedings in the district court, any proceedings before the court of appeals, and any proceedings before the Supreme Court of the United States of America.[2]

36.    While not a claim under the Miller Act, Plaintiff respectfully requests the Court exercise its inherent authority to sanction a party before it, and asks the Court to award Plaintiff its attorneys' fees as a result of Defendants, Journeyman and Safeco, acting in bad faith.[3]

37.    Specifically, Journeyman, in urging Plaintiff to file its claims under the Projects' bonds, and then falsely leading Plaintiff to believe its Lufkin Project claim would be addressed in exchange for settling its Camp Stanley Project claim, acted in bad faith.

38.    Moreover, after Journeyman notified Plaintiff its Lufkin Project claim would not be paid, Safeco conceded to Plaintiff that its claim for the Lufkin Project was proper and

---

[1] *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114,119 (4th Cir. Md. 2004) ("In defining 'substantial accuracy' as the term is used in the Federal Miller Act, courts find it sufficient that 'there exists a writing from which, in connection with oral testimony, it plainly appears that the nature and state of the indebtedness has been brought home to the general contractor.") (quoting *Houston Fire and Cas. Ins. Co. v. United States ex rel. Trane Co.*, 217 F.2d 727, 730 (5th Cir. Tex. 1954)); *see also United States ex rel. Honeywell v. A & L Mechanical Contractors*, 677 F.2d 383, 386-387 (4th Cir. N.C. 1982) Stating that the Miller Act requires substantial accuracy, not precision.
[2] *United States ex rel. Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 918-919 (5th Cir. Tex. 1998) Where attorneys' fees were awarded under state law claims, pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code, over which the U.S. District court exercised its supplemental jurisdiction in a Miller Act case. (Also noting that 28 U.S.C. §1367 allows simultaneous prosecution of Miller Act and state law claims.); *See also, United States v. Insurance Co. of N. Am.*, 695 F.2d 455, 457-58 (10th Cir. N.M. 1982) Holding that recovery under the Miller Act is not a subcontractor's exclusive remedy against the general contractor.
[3] Both the U.S. Supreme Court and the Fifth Circuit have explicitly recognized the bad-faith exception is applicable to Miller Act cases. *See Tacon Mechanical Contractors v. Aetna Casualty & Sur. Co.*, 65 F.3d 486,489 (5th Cir. Tex. 1995) Noting that the Miller Act does not specifically provide for an award of attorneys' fees, but that "…a district court may award attorneys' fees to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."; *see also F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116,126-129 (1974).

indicated the Lufkin Project claim would be paid. Specifically, Safeco acted in bad faith by: failing to pay a valid claim under the Bond; misleading Plaintiff by suggesting the Lufkin Project claim was going to be paid; and wholly ignoring and refusing to respond to Plaintiff's repeated requests for an update regarding the status of its Lufkin Project claim, thereby forcing Plaintiff to file this Original Complaint.[4]

## XI.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and that upon final hearing or trial, the Court enter judgment in favor of Plaintiff against Defendants Journeyman and Safeco, jointly and severally, and Town & Country, awarding Plaintiff:

    a. actual damages;

    b. pre-judgment interest on all sums awarded to Plaintiff at the highest lawful rate;

    c. post-judgment interest on all sums awarded to Plaintiff at the highest lawful rate;

    d. attorneys' fees as requested herein pursuant to Texas Civil Practice & Remedies Code §38.001 and due to Journeyman acting in bad faith;

    e. all costs of court; and

    f. any other or further relief, at law or in equity, to which Plaintiff is justly entitled.

---

[4] *Sanchez v. Rowe*, 870 F.2d 29, 294 (5th Cir. Tex. 1989) Stating that attorneys' fees are allowed "for bad-faith conduct related to the litigation, either in response to a claim before a suit has been filed or in the course of the litigation after a suit has been filed" and that attorneys' fees can be imposed "against defendants whose prelitigation conduct left plaintiff no alternative but litigation…". Also noting that the U.S. Supreme Court has cited cases containing examples of the bad-faith exception, where defendant's bad-faith conduct was in response to plaintiff's underlying claim (*see F.D. Rich Co.*,417 U.S. 116 at 130 n.17.)

Respectfully submitted,

Robert D. Kilgore
State Bar No. 11401700
ROSENTHAL PAUERSTEIN
SANDOLOSKI AGATHER LLP
755 East Mulberry, Suite 200
San Antonio, Texas 78212
Telephone:  (210) 225-5000
Facsimile:  (210) 354-4034
**ATTORNEY FOR PLAINTIFF**